UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CHRIS TERRY,

                              Plaintiff,

        -against-

CITY OF NEW YORK; FRANK RYAN; and JOHN/JANE DOES, Nos. 1–10 (Members of the New York City Department of Correction and New York City Health and Hospitals Corporation Correctional Health Services whose names are presently unknown to plaintiff),

                            Defendants.

23-CV-5955(NRM)(JRC)

---

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

**HON. SYLVIA O. HINDS-RADIX**
CORPORATION COUNSEL OF THE CITY OF NEW YORK
*Attorney for Defendants City of New York and Ryan*
100 Church Street
New York, New York 10007

By:    Thomas Lai
        *Senior Counsel*
        Special Federal Litigation Division
        (212) 356-2336

Dated April 5, 2024

# **TABLE OF CONTENTS**

**Page**

**TABLE OF CONTENTS** ................................................................................................................ i

**TABLE OF AUTHORITIES** ........................................................................................................ ii

**PRELIMINARY STATEMENT** ................................................................................................... 1

**STATEMENT OF FACTS** ............................................................................................................ 2

**STANDARD OF REVIEW** ........................................................................................................... 5

**ARGUMENT IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** ........................... 6

      POINT I      THE PRIOR RELEASE EXTINGUISHES ALL CLAIMS IN THIS CASE ARISING BEFORE JUNE 30, 2021 ................................. 7

      POINT II     PLAINTIFF HAS FAILED TO ADEQUATELY ALLEGE A VIOLATION OF HIS CONSTITUTIONAL RIGHTS AFTER JUNE 30, 2021 ............................................................................... 11

      POINT III    THE MUNICIPAL LIABILITY CLAIM MUST ALSO BE DISMISSED ....................................................................................................... 13

**CONCLUSION** ............................................................................................................................ **14**

# **TABLE OF AUTHORITIES**

Page(s)

**Federal Cases**

*Ali v. City of New York*, No. 20-CV-30 (RRM) (ST),
  2021 U.S. Dist. LEXIS 255741 (E.D.N.Y.) ...................................................................9, 10

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ....................................................................................5, 11, 13

*Barrere v. Cty. of Nassau*,
  No. 18-CV-03562 (HG) (VMS), 2024 U.S. Dist. LEXIS 51900 (E.D.N.Y.
  Mar. 24, 2024) ................................................................................................14

*Bejaoui v. City of New York*, No. 13-CV-5667(NGG)(RML),
  2015 U.S. Dist. LEXIS 44087 (E.D.N.Y.) ...............................................................5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................5

*Board of Comm'rs of Bryan Cty. v. Brown*,
  520 U.S. 397 (1997) .......................................................................................13

*Bradley v. City of New York*,
  No. 08-CV-1106 (NGG), 2009 U.S. Dist. LEXIS 51532 (E.D.N.Y. 2009) ....................14

*Charles v. Orange County*,
  925 F.3d 73 (2d Cir. 2019) ..............................................................................11

*Cherniak v. Trans-High Corp.*,
  2020 U.S. Dist. LEXIS 37896 (S.D.N.Y.) ...............................................................6

*Collins v. Harrison-Bode*,
  303 F.3d 429 (2d Cir. 2002) ..............................................................................7

*Connick v. Thompson*,
  563 U.S. 51 (2011) ........................................................................................12

*Cooper v. City of New York*, No. 14-CV-1761 (RJD) (RML),
  2018 U.S. Dist. LEXIS 177791 (E.D.N.Y.) ..............................................................9

*Cortec Industries, Inc. v. Sum Holding L.P.*,
  949 F.2d 42 (2d Cir. 1991) ................................................................................5

*Darby v. Greenman*,
  14 F.4th 124 (2d Cir. 2021) .........................................................................11, 12

*Dwares v. City of New York*,
  985 F.2d 94 (2d Cir. 1993) ..............................................................................14

*Fenner v. City of New York*,
  392 Fed. Appx. 892 (2d Cir. 2010) ....................................................................13

# TABLE OF AUTHORITIES
(cont.)

**Page(s)**

*Los Angeles v. Heller*,
  475 U.S. 796 (1986)..................................................................................................14

*Mary Jo C. v. New York State and Local Retirement System*,
  707 F.3d 144 (2d Cir. 2013).........................................................................................5

*Mastromonaco v. Cnty. of Westchester*,
  779 F. App'x 49 (2d Cir. 2019) .................................................................................14

*Mateo v. Carinha*,
  799 F. App'x 51 (2d Cir. 2020) ...............................................................................7, 8

*Moffitt v. Town of Brookfield*,
  950 F.2d 880 (2d Cir. 1991).......................................................................................12

*Monell v. Dep't of Social Servs. of the City of New York*,
  436 U.S. 658 (1978)............................................................................................ *passim*

*Nagle v. Marron*,
  663 F.3d 100 (2d Cir. 2011).......................................................................................14

*Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Walton Ins. Ltd.*,
  696 F. Supp. 897 (S.D.N.Y. 1988) ............................................................................10

*Pampillonia v. RJR Nabisco, Inc.*,
  138 F.3d 459 (2d Cir. 1998).........................................................................................8

*Plair v. City of New York*,
  789 F. Supp. 2d 459 (S.D.N.Y. 2011).......................................................................13

*Radin v. City of New York*,
  No. 14-cv-7347(NG)(RLM), 2016 U.S. Dist. LEXIS 95955 (E.D.N.Y.)...............13

*Rothman v. Gregor*,
  220 F.3d 81 (2d Cir. 2000)...........................................................................................5

*Ruskay v. Waddell*,
  552 F.2d 392 (2d Cir. 1977).....................................................................................8, 9

*Scalpi v. Town of East Fishkill*,
  2016 U.S. Dist. LEXIS 24530 (S.D.N.Y.)................................................................13

*Spears v. City of New York*,
  No. 10-CV-3461 (JG) (RER), 2012 U.S. Dist. LEXIS 145517 (E.D.N.Y. Oct.
  9, 2012) .......................................................................................................................14

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007).....................................................................................................5

*Wade v. Montas*, No. 19-CV-02687 (HG) (AYS),
  2023 U.S. Dist. LEXIS 150319 (E.D.N.Y.)...............................................................8

*Wright v. Smith*,
  21 F.3d 496 (2d Cir. 1994).........................................................................................11

# TABLE OF AUTHORITIES
(cont.)

**Page(s)**

**State Cases**

*A.A. Truck Renting Corp. v. Navistar, Inc.*,
  81 A.D.3d 674, 916 N.Y.S.2d 194 (App. Div. 2d Dep't 2011) ..................................................8

*R/S Assocs. v. New York Job Dev. Auth.*,
  98 N.Y.2d 29 (2002) ...............................................................................................................10

*Thompson v. Weinstein*,
  150 A.D.2d 782, 542 N.Y.S.2d 33 (App. Div. 2nd Dep't 1989) ...............................................5

**Statutes**

42 U.S.C. § 1983................................................................................................................6, 11, 12

PLRA .............................................................................................................................................15

Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) .....................................................................7

**Rules**

Fed. R. Civ. P. 12(b)(6)..........................................................................................................1, 5, 6

Fed. R. Civ. P. 12(d) ......................................................................................................................6

Fed. R. Evid. 201 ...........................................................................................................................5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CHRIS TERRY,

                              Plaintiff,

-against-

CITY OF NEW YORK; FRANK RYAN; and JOHN/JANE DOES, Nos. 1–10 (Members of the New York City Department of Correction and New York City Health and Hospitals Corporation Correctional Health Services whose names are presently unknown to plaintiff),

                              Defendants.

23-CV-5955(NRM)(JRC)

---

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

    Defendants City of New York and former Police Officer Frank Ryan,[1] by their attorney, the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, respectfully submit this Memorandum of Law in support of their motion to dismiss the Complaint (ECF No. 1) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

### PRELIMINARY STATEMENT

    Plaintiff Chris Terry is suing for alleged violations of his civil rights that occurred during and after his arrest on January 3, 2021. Specifically, he alleges that Officer Ryan used excessive force on January 3, 2021, and denial of adequate medical care while in custody, exacerbating his injuries.

---

[1] Police Officer Ryan was subsequently promoted to Detective, and then retired from NYPD in 2022. He is referred to herein by his rank at the time of the incident in question.

But Plaintiff has already settled, received compensation for, and released all of his claims against the City and Officer Ryan arising out of the alleged use of force on January 3, 2021. Indeed, on June 30, 2021, Plaintiff released "all past and present . . . employees of the City of New York" from "any and all liability, claims, or rights of action alleging a violation of his civil rights" prior to that date. In exchange for this release Plaintiff received monetary consideration from the City, which was accepted. Plaintiff therefore cannot maintain a suit against the City, Officer Ryan, or any of the presently-unidentified City employees for alleged violations of his civil rights that occurred prior to June 30, 2021, and all such claims must therefore be dismissed with prejudice.

With respect to that portion of the Complaint addressed to acts or omissions after June 30, 2021, Plaintiff has failed to allege with adequate particularity a claim against any defendant (named or unnamed) for deliberate indifference to his medical needs after that date. That claim should therefore be dismissed without prejudice.

## STATEMENT OF FACTS

Facts Alleged in the Complaint[2]

Plaintiff alleges in the Complaint that on January 3, 2021, Plaintiff was driving in Queens when he was pulled over by New York City Police Department (NYPD) officers in two cars, one of whom was defendant Officer Ryan. *See* Complaint, 23-CV-08313 (RER)(LB) ECF Dkt. No 1 ("Compl.") (ECF No. 1) at ¶¶ 14–15. When one of the other officers approached Plaintiff's car and opened the driver's door, Plaintiff slammed the door, put the car in gear, and fled. *Id*. at

---

[2] The City and Officer Ryan adopt the facts set forth in the Complaint—as they must—only for the purposes of this motion. If this case proceeds, the City and Officer Ryan fully expect that the facts adduced in discovery will prove that they acted appropriately at all times with respect to Plaintiff.

2

¶¶ 16–17. Officer Ryan "drove after" Plaintiff for approximately ten blocks before Plaintiff crashed into a scaffolding and fled on foot. *Id.* at ¶¶ 18–19. Officer Ryan pursued Plaintiff on foot, and eventually overtook him at a truck rental business. *Id.* at ¶¶ 20–21. Plaintiff alleges that Officer Ryan assaulted him without provocation in the parking lot, and that even though Officer Ryan "used more force than was reasonably necessary to take [Plaintiff] into custody", Plaintiff was nevertheless able to "free[] himself from [Officer] Ryan's grip" and run away. *Id.* at ¶¶ 22–26. Plaintiff was subsequently arrested by a different group of police officers not including Officer Ryan. *Id.* at ¶¶ 27–29. Plaintiff claims that, as a result of the assault by Officer Ryan, he "suffered serious physical injuries to his back, right hand, left shoulder and left ankle." *Id.* at ¶ 33.

Plaintiff further alleges that, after he was arrested, he was taken to a hospital where he was diagnosed with various injuries including "a nondisplaced fracture of the distal phalanx of the third finger of his right (dominant) hand." *Id.* at ¶ 36. He was subsequently arraigned and transported to the custody of the New York City Department of Correction ("DOC") on January 4, 2021. *Id.* at ¶ 37. According to Plaintiff, he was examined on intake at DOC, and was given a "referral order" to Bellevue Hospital for hand surgery. *Id.* at ¶ 38. However, according to Plaintiff, he was never taken to Bellevue for the surgery during the approximately 14 months he remained in DOC custody. *Id.* at ¶ 40. Plaintiff was transferred to state custody in March 2022. *Id.* at ¶ 39.[3]

---

[3] Plaintiff remains in state custody at this time and is apparently not eligible for release until at least 2028. *See* https://nysdoccslookup.doccs.ny.gov/ (search for Department Identification Number (DIN) 22B1003).

3

Prior Claim And Release[4]

On or about January 28, 2020, a Notice of Claim was filed on Plaintiff's behalf with the Office of the Comptroller of the City of New York, in which he alleged injuries sustained as the result a slip and fall while in custody of the New York City Department of Correction. *See* Declaration of Adam Karp dated April 4, 2024 ("Karp Decl."), at ¶ 4, and Exh. B thereto (the "Notice of Claim"). The Notice of Claim was filed by the Law Office of Matthew B. Waller, which purported to represent Plaintiff in connection with that incident. *See* Notice of Claim; Karp Decl. at ¶ 5; and Exh. C thereto (07/06/2021 Letter from M. Waller to Mr. Briskin). Plaintiff subsequently agreed to settle his slip-and-fall claim against the City for $3,500. *See* Karp Decl. at ¶ 5; Exh. A, Prior Release at 1; *and see generally* Karp Decl., Exh. C, Letter from M. Waller. On or about July 29, 2021, as instructed by Plaintiff's counsel, the City sent Plaintiff's then-attorney a check made out to Plaintiff in the agreed-upon sum of $3,500. *See* Karp Decl. at ¶ 8. That check was subsequently cashed. *See* Karp Decl. at ¶ 8.

In "consideration" for the $3,500 paid by the City, Plaintiff released and discharged the City and all of its employees from "any and all liability, claims, or rights of action alleging a violation of civil rights and any and all claims, causes of action, suits, . . . damages, . . . judgments, . . . and demands" which Plaintiff "had, now has or hereafter can, shall or may have" against the City and its employees "for, upon or by reason of any matter, cause or thing whatsoever that occurred through the date of" the Prior Release, *i.e.* June 30, 2021. *See* Karp Decl., Exh. A, Prior Release at 1.

---

[4] City respectfully requests that the Court to take judicial notice of the General Release Plaintiff executed before a notary public on June 30, 2021. *See* Declaration of Adam Karp dated April 4, 2024 ("Karp Decl."), at ¶ 6 and Exhibit A thereto (hereinafter "the Prior Release").

4

**STANDARD OF REVIEW**

Pursuant to Rule 12(b)(6), a pleading is properly dismissed when, read in the light most favorable to the non-movant, it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12. To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court should therefore dismiss a complaint when it appears that a plaintiff has failed to plead a *plausible* claim of relief. *See id.*

When deciding a motion to dismiss the Court must consider matters of which it may properly take judicial notice. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, (2007); *see also Mary Jo C. v. New York State and Local Retirement System*, 707 F.3d 144, 149 (2d Cir. 2013). Generally, facts may be judicially noticed if they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also, e.g.*, *Bejaoui v. City of New York*, No. 13-CV-5667(NGG)(RML), 2015 U.S. Dist. LEXIS 44087, at *16 (E.D.N.Y.) ("[c]ourt records *and other public records* are facts of which a court may properly take judicial notice pursuant to Rule 201." (emphasis added, citation omitted)). The Second Circuit has also included within the ambit of Rule 12(b)(6) "documents that the [Plaintiff] either possessed or knew about and upon which [he] relied in bringing the suit[.]" *Rothman v. Gregor*, 220 F.3d 81, 88–89 (2d Cir. 2000) (citing *Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47–48 (2d Cir. 1991) (saying "[a] finding that plaintiff has had notice of documents used by defendant in a 12(b)(6) motion is significant. . ..")). In this case, not only did Plaintiff sig the Prior Release, it is subject to New York's Freedom of Information Law ("FOIL") and thus is a public record. *See* Karp Decl. at ¶¶ 6–7; *see also Thompson v. Weinstein*, 150 A.D.2d 782, 783, 542 N.Y.S.2d 33, 33–34 (App.

5

Div. 2nd Dep't 1989) (all governmental agency records subject to FOIL are "matters of public record").

Moreover, even if the Court concludes that the Prior Release is beyond the bounds of what can be properly considered on a motion under Rule 12(b)(6), it should nevertheless reach the merits of Defendants' arguments by converting the motion to one for summary judgment, pursuant to Fed. R. Civ. P. 12(d). "Courts have frequently held that the contention that a settlement agreement bars the action should be addressed at the earliest possible juncture." *Cherniak v. Trans-High Corp.*, 2020 U.S. Dist. LEXIS 37896, at *5–6 (S.D.N.Y.).

## ARGUMENT IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Plaintiff alleges three claims for which he seeks redress under 42 U.S.C. § 1983. *See generally* Complaint (ECF. No. 1) at ¶¶ 59–71. First, Plaintiff alleges that Officer Ryan used excessive force against him on January 3, 2021. *Id.* at ¶¶ 59–62 (the "First Claim For Relief"). Second, Plaintiff alleges that unidentified City employees were deliberately indifferent to Plaintiff's medical needs from January 4, 2021 until he was transferred to state custody in March of 2022. *Id.* at ¶¶ 63–66 (the "Second Claim For Relief"). Finally, Plaintiff alleges, pursuant to *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658 (1978), that both of his individual claims arise out of the City of New York's failure to adequately supervise and discipline its employees. *See* Compl. at ¶¶ 67–71 (the "*Monell* Claim"). However, because Plaintiff has already released the City and *all* of its employees for any claims arising prior to June 30, 2021, Plaintiff's First Claim for Relief against Officer Ryan, and the accompanying portion of his *Monell* Claim against the City, must be dismissed with prejudice. Similarly, any portion of Plaintiff's Second Claim For Relief that alleges harm based on conduct that occurred prior to June 30, 2021 must also be dismissed for the same reason, along with the corresponding portion

6

of his *Monell* Claim. Any portion of Plaintiff's deliberate indifference claim against unnamed City employees that may have arose after the date of his Prior Release, fails as Plaintiff does not to plead such a claim with adequate specificity, and has also failed to plead the prerequisites for his *Monell* claim against the City based on the same conduct.[5]

## POINT I
## THE PRIOR RELEASE EXTINGUISHES
## ALL CLAIMS IN THIS CASE ARISING BEFORE JUNE 30, 2021

Plaintiff's claim against Officer Ryan, and his corresponding *Monell* Claim must be dismissed in their entirety because the unambiguous and all-inclusive language within the June 30, 2021 Prior Release covers the claims asserted here. In his two responses to Defendants' letters requesting a pre-motion conference, Plaintiff does not dispute the existence, language, or validity of the Prior Release. *See* 11/06/2023 Letter from R. Perry to the Honorable Nina R. Morrison (ECF No. 11), at 2 (confirming that Plaintiff signed the Prior Release and quoting one portion of that release); 02/06/2024 Letter from R. Perry to the Honorable Nina R. Morrison (ECF No. 17), at 1 (reiterating arguments about the scope—not the validity—of the Prior Release). There is, therefore, no dispute that the Prior Release was a valid contract between Plaintiff and the City. Thus, the only question this Court needs to decide is whether the Prior Release covers Plaintiff's claims in this action. The plain language of the Prior Release makes clear that it does.

"Settlement agreements are contracts and must therefore be construed according to general principles of contract law." *Mateo v. Carinha*, 799 F. App'x 51, 53 (2d Cir. 2020) (quoting *Collins v. Harrison-Bode*, 303 F.3d 429, 433 (2d Cir. 2002) (cleaned up)). "Under New York law, a release that is clear and unambiguous on its face and which is knowingly and voluntarily

---

[5] Plaintiff, who was and remains incarcerated, has not alleges and proven that he exhausted his administrative remedies and therefore satisfies the conditions precedent to suit imposed by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).

7

entered into will be enforced." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 463 (2d Cir. 1998) (affirming dismissal where release that was unambiguous, and was knowingly and voluntarily entered into, barred plaintiff from bringing action). "Words of general release are clearly operative not only as to all controversies and causes of action between the releasor and releasees which had, by that time, actually ripened into litigation, but to all such issues which might then have been adjudicated as a result of pre-existent controversies." *Mateo*, 799 F. App'x at 53 (quoting *A.A. Truck Renting Corp. v. Navistar, Inc.*, 81 A.D.3d 674, 916 N.Y.S.2d 194, 196 (App. Div. 2d Dep't 2011)); *see also Wade v. Montas*, No. 19-CV-02687 (HG) (AYS), 2023 U.S. Dist. LEXIS 150319, at *8 (E.D.N.Y.).

The relevant operative language of the Prior Release is as follows:

> [Plaintiff Chris Terry] in consideration of the payment of $3,500.00 . . . knowingly and willingly releases and forever discharges the City of New York, and all past and present officials, officers, . . . [and] employees . . . of the City of New York . . . from any and all liability, claims, or rights of action alleging a violation of civil rights and any and all claims, causes of action, suits, . . . damages, . . . and demands known or unknown . . . which [Plaintiff] . . . now has or hereafter can, shall, or may have . . . against [the City and its employees] . . . for, upon or by any reason of any matter, cause or thing whatsoever that occurred through the date of this RELEASE. This RELEASE and settlement constitutes complete payment and satisfaction for all damages and injuries, including all claims for costs, expenses, attorneys' fees and disbursements.

Karp Decl. Exh. A, Prior Release, at 1. The Prior Release was executed before a notary public on June 30, 2021. *Id.* at 2. There is no legitimate question that Plaintiff's claims in this case are "claims or rights of action alleging a violation of [Plaintiff's] civil rights". Nor is there any dispute that Plaintiff's Excessive Force Claim is based on the incident that occurred on January 3, 2021—six months *before* Plaintiff signed the General Release.

The Second Circuit has noted "strong policy considerations" that require giving effect to a general release. *Ruskay v. Waddell*, 552 F.2d 392, 398 (2d Cir. 1977). "To now allow plaintiffs

8

to prosecute this action after giving what is, on its face, a general release would allow the defendants to be sandbagged." *Id.* at 396. "Once the decision to settle is made, a party must abide by it." *Id.* at 398. Thus, the plain, unambiguous language of the Prior Release unquestionably bars Plaintiff from recovery on all claims in this case that accrued prior to June 30, 2021, which includes all of his claims against Defendant Frank Ryan, and any portion of his deliberate indifference claim that is based on acts or omissions prior to that date. "Courts in this Circuit have consistently held that releases similar to the General Release at issue here bar suit against the City and its employees for alleged conduct predating the release." *Ali v. City of New York*, No. 20-CV-30 (RRM) (ST), 2021 U.S. Dist. LEXIS 255741, at *13 (E.D.N.Y.) (citations omitted); *see also Cooper v. City of New York*, No. 14-CV-1761 (RJD) (RML), 2018 U.S. Dist. LEXIS 177791, at *15–16 (E.D.N.Y.).

As noted above, Plaintiff does not challenge the existence or validity of the Prior Release. Rather, he raises two objections to enforcement of that release against his claims in this case. First, he alleges that the language of the Prior Release is ambiguous. *See* ECF No. 11 at 2. Second, he suggests that Plaintiff was ill-informed by his prior attorney when he signed the Prior Release. *Id.* The first argument is wrong as a matter of law; the second argument is irrelevant to the enforceability of the Prior Release.

The language of the Prior Release quoted above is from the first paragraph of that document, which contains the operative language of settlement and release of claims. Plaintiff's argument that the Prior Release is ambiguous is based on the language of the next paragraph of the Prior Release, which concerns Plaintiff's promise to indemnify the City for future costs arising out of the incident that resulted in the $3,500 settlement encompassed in the Prior Release. *See* ECF No. 11 at 2 (quoting Karp Decl. Exh. A, Prior Release, at 1). But the narrower scope of the

9

indemnification provision does not affect the more broadly stated release contained in the first paragraph of that agreement.⁶ There is, therefore, no merit to Plaintiff's claim that the Prior Release is ambiguous as to its applicability to the claims in this case.

Plaintiff's second argument, that he was misinformed when he signed the Prior Release, is equally unavailing. Notwithstanding one party's subjective understanding, a court will not look beyond the "four corners" of the agreement where the language of the contract is clear and unambiguous. *R/S Assocs. v. New York Job Dev. Auth.*, 98 N.Y.2d 29, 32–33 (2002). In the Prior Release, Plaintiff affirmed that "having received independent legal advice in this matter" he had "READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT." Karp Decl. Exh. A, Prior Release at 1–2. Plaintiff argues that he made a mistake when he signed a release in 2021 that extinguished his claims in this case. But "[u]nilateral mistake without fraud or wrongful conduct, however, is not a sufficient ground for contract rescission or reformation." *Ali*, 2021 U.S. Dist. LEXIS 255741, at *18–19 (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Walton Ins. Ltd.*, 696 F. Supp. 897, 902 (S.D.N.Y. 1988)). To the extent Plaintiff or his prior attorney may have made a mistake in agreeing to a broad general release when they intended to settle only a specific claim, "counsel's mistake and [Plaintiff's] unilateral failure to appreciate the reach and effect of the release does not provide an adequate basis for recission on the ground of unilateral mistake." *Ali*, 2021 U.S. Dist. LEXIS 255741, at *18–19 (enforcing release against plaintiff who claimed he was mistaken due to poor education and misinformation from prior counsel). There is, therefore, no merit to Plaintiff's arguments that the Prior Release should not be enforced against his claims in this case that arose prior to June 30, 2021.

---

⁶ Fortunately for Plaintiff, otherwise the City would have a cause of action against him for the costs incurred in defending this lawsuit.

In light of the Prior Release, all of Plaintiffs claims that arose prior to June 30, 2021, including the entirety of his First Claim For Relief, and corresponding portions of his Second Claim For Relief and *Monell* Claim must be dismissed with prejudice.

### POINT II
### PLAINTIFF HAS FAILED TO ADEQUATELY ALLEGE A VIOLATION OF HIS CONSTITUTIONAL RIGHTS AFTER JUNE 30, 2021

In his opposition to Defendants' Pre-Motion Conference Letters, Plaintiff notes that portions of his deliberate indifference claim arose after June 30, 2021, and therefore are not covered by the Prior Release. *See* ECF No. 11 at 3. While this may be true, Plaintiff has nevertheless failed to adequately allege any such claim, and the current Complaint should therefore be dismissed without prejudice.

To adequately plead deliberate indifference to serious medical needs under 42 U.S.C. § 1983 and the Fourteenth Amendment, Plaintiff must allege "[d]eliberately indifferent conduct [that] is egregious enough to state a substantive due process claim." *Darby v. Greenman*, 14 F.4th 124, 128 (2d Cir. 2021) (quoting *Charles v. Orange County*, 925 F.3d 73, 87 (2d Cir. 2019)) (cleaned up). "Deliberate indifference requires, at a minimum, culpable recklessness, *i.e.*, an act or a failure to act that evinces a conscious disregard of a substantial risk of serious harm." *Darby*, 14 F.4th at 128 (cleaned up). Plaintiff's barebones allegations in this case do not meet this threshold.

First, Plaintiff fails to adequately identify precisely which individuals were personally involved with the alleged violation of his constitutional rights. "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, *through the official's own individual actions*, has violated the Constitution." *Iqbal*, 556 U.S. at 676 (emphasis added). *See also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("[i]t is well settled in [the Second] Circuit that 'personal involvement of defendants in alleged constitu-

11

tional deprivations is a prerequisite to an award of damages under § 1983.'" (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991))).

As an initial matter, Plaintiff is not alleging that Officer Ryan had any alleged violation that arose June 30, 2021. *See generally* Complaint (ECF. No. 1). In any event, the Complaint is devoid of allegations attributing specific misconduct to specific Doe Defendants. In fact, Plaintiff does not even provide sufficient detail about the putative roles of the Doe Defendants to allow meaningful discovery into their actual identities.

Plaintiff identifies the ten Doe Defendants merely as "duly appointed agents, employees, officers and servants of the New York City Department of Correction ("DOC") and the New York Health and Hospitals Corporation Correctional Health Services ("CHS")." Compl. at ¶ 12. Plaintiff fails to allege that any specific Doe Defendant was placed on notice of Plaintiff's need for medical treatment, the urgency of such need, or any other fact that would allow a jury to ultimately find that such individual acted with the sufficient degree of "culpable recklessness" to support a his claim. *Darby*, 14 F.4th at 128. For example, in *Darby*, allegations of deliberate indifference by Doe Defendants were found to be insufficient, even though the plaintiff had alleged their role with much more particularity than what is included in the Complaint in this case. In *Darby*, the plaintiff alleged that the Doe defendants were "in charge of processing and responding to sick calls and grievances", and that they had "ignored approximately fifteen sick call requests that [plaintiff] submitted 'to follow up on his worsening condition[.]'" *Id.* at 129–130. By contrast, Plaintiff in this case does not even allege sufficient facts to establish that the specific Doe Defendants he is seeking to hold liable were aware of Plaintiff's medical needs, much less that they exhibited deliberate indifference in not arranging for him to have surgery that may or may not have been medically necessary. *See Connick v. Thompson*, 563 U.S. 51, 61, (2011)

12

("Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." (quoting *Board of Comm'rs of Bryan Cty.* v. *Brown*, 520 U.S. 397, 403 (1997))).

Because Plaintiff has failed to adequately allege personal involvement by any individual—named or unnamed—his Second Claim For Relief should be dismissed.

## POINT III
## THE MUNICIPAL LIABILITY CLAIM MUST ALSO BE DISMISSED

For the same reasons that Plaintiff cannot maintain his claims against Officer Ryan, his *Monell* claim against the City must also be dismissed to the extent it is based on any act or omission that occurred prior to the date of the Prior Release. Insofar as Plaintiff seeks to assert municipal liability for any deliberate indifference that occurred after June 30, 2021, he has failed to adequately allege such a claim.

To establish a *municipal liability* claim, Plaintiff must demonstrate: "(1) an official policy or custom that (2) caused him to be subjected to (3) a denial of a constitutional right." *Fenner v. City of New York*, 392 Fed. Appx. 892, 894 (2d Cir. 2010) (internal quotation omitted). "To support such a claim, the mere assertion of the existence of policy is not enough." *Radin v. City of New York*, No. 14-cv-7347(NG)(RLM), 2016 U.S. Dist. LEXIS 95955, at *12 (E.D.N.Y.) (quoting *Scalpi v. Town of East Fishkill*, 2016 U.S. Dist. LEXIS 24530, at *18 (S.D.N.Y.). "Instead, there have to be sufficient factual details that meet *Iqbal* and *Twombly's* plausibility standard, rather than boilerplate allegations of unconstitutional policies or practices." *Radin*, 2016 U.S. Dist. LEXIS 95955, at *12 (citing *Plair v. City of New York*, 789 F. Supp. 2d 459, 468–69 (S.D.N.Y. 2011)). The Complaint fails to meet that standard.

The Complaint fails to adequately allege facts that, if proven, would establish that the "violation of rights resulted from the 'government's policy or custom, whether made by its law-

13

makers or by those whose edicts or acts may fairly be said to represent official policy.'" *Nagle v. Marron*, 663 F.3d 100, 116 (2d Cir. 2011) (quoting Monell, 436 U.S. at 694). The Complaint sets forth only boilerplate allegations in support of its claim, which are insufficient to sustain the claim for relief. *See, e.g., Spears v. City of New York*, No. 10-CV-3461 (JG) (RER), 2012 U.S. Dist. LEXIS 145517, at *36-41 (E.D.N.Y. Oct. 9, 2012) (dismissing because a "general allegation that the City has a policy of violating citizens' constitutional rights, and general claims that such a policy had the effect of violating a host of the plaintiff's rights without specifying how or why, is insufficiently particularized to state a claim against a municipality under *Monell*."). *See also, Bradley v. City of New York*, No. 08-CV-1106 (NGG), 2009 U.S. Dist. LEXIS 51532, at *8–9 (E.D.N.Y. 2009) (*citing Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993)).

Moreover, Plaintiff cannot maintain his *Monell* Claim against the City without proving an underlying constitutional violation. *See Mastromonaco v. Cnty. of Westchester*, 779 F. App'x 49, 51 (2d Cir. 2019) (citing *Los Angeles v. Heller*, 475 U.S. 796 (1986)); *see also Barrere v. Cty. of Nassau*, No. 18-CV-03562 (HG) (VMS), 2024 U.S. Dist. LEXIS 51900, at *33–34 (E.D.N.Y. Mar. 24, 2024). Since he has failed to adequately allege a claim against any individual for violation of his Fourteenth Amendment rights through deliberate indifference, he has similarly failed to allege any claim against the City itself. Thus, on the present Complaint Plaintiff has failed to state any claim for relief against the City.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's claim based on excessive force allegedly used by Officer Ryan on January 3, 2021 must be dismissed with prejudice in light of the Prior Release signed on June 30, 2021. Plaintiff's claim of deliberate indifference to serious medical needs must similarly be dismissed to the extent it is based on any act or omission prior to June 30, 2021. With respect to any deliberate indifference that may have occurred after the date of the

Prior Release, Plaintiff has not pleaded such claims with adequate specificity, and those claims should be dismissed with leave to replead.[7] Therefore, Defendants respectively request that the court dismissed the Complaint and grant any other and further relief it deems appropriate.

Dated:   New York, New York
        April 5, 2024

HON. SYLVIA O. HINDS-RADIX
CORPORATION COUNSEL OF THE CITY OF NEW YORK
*Attorney for Defendants City of New York and Ryan*
100 Church Street
New York, New York 10007
(212) 356-2336

By: _____

Thomas Lai
*Senior Counsel*
Special Federal Litigation Division

cc:   Robert T. Perry, Esq. (**via First Class Mail**)
     509 12th Street
     Ste #2c 11215
     Brooklyn, NY 11201
     rtperry32@gmail.com
     *Attorney for Plaintiff*

---

[7] As previously noted, Plaintiff will ultimately also have to prove exhaustion of administrative remedies under the PLRA. While he is not obligated to plead such facts in the Complaint, Defendants anticipate asserting failure to exhaust as an affirmative defense, and would, therefore, likely seek a judgment on the pleadings should an amended complaint fail to adequately allege the PLRA prerequisites to suit.

15