23 CV. 5955 (NRM) (JRC)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CHRIS TERRY,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, FRANK RYAN, and
JOHN AND JANE DOES 1-10,

                              Defendants.

# DEFENDANTS CITY OF NEW YORK AND OFFICER RYAN'S SUPPLEMENTAL MEMORANDUM OF LAW

*MURIEL GOODE-TRUFANT*
Corporation Counsel of the City of New York

*Attorney for Defendants City of New York and Ryan*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Seamus O'Connor*
*Tel: (212) 356-2337*
*Date of Service: June 26, 2025*
*Matter No. 2023-072357*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT

      POINT I

           THE TOTALITY OF CICRUMSTANCES TEST DOES NOT APPLY AS THIS IS NOT A FEDERAL EMPLOYMENT CASE..................................................................1

      POINT II

           THE FACTORS THE COURT OUTLINED ARE INAPPLICABLE TO DETERMINE THE VALIDITY OF THE RELEASE. ...................................................................6

           A.  Plaintiff's Subjective Understanding of the Release Should Not Control the Validity of the General Release. ....................................................................................6

           B.  Plaintiff's Interactions with Counsel Implicate a Possible Malpractice Claim, Not A Reason to Invalidate the Release. ..........................................................8

CONCLUSION..................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**                                                                                                          **Pages**

Arzu v. City of New York,
    No. 13 Civ. 5980 (RA), 2015 U.S. Dist. LEXIS 101770,
    2015 WL 4635602 (S.D.N.Y. Aug. 3, 2015)............................................................................4

Caraballo v. City of New York,
    24-2051-CV, 2025 U.S. App. LEXIS,
    2025 WL 1430152 (2d Cir. May 19, 2025) ...................................................................2, 3, 7

Caraballo v. Surriga,
    No. 21-CV-285 (ARR) (VMS), 2024 U.S. Dist. LEXIS 136592,
    2024 WL 3624609 (E.D.N.Y. Aug. 1, 2024)............................................................................2

Charlery v. City of New York Dep't of Educ.,
    737 F. App'x 54 (2d Cir. 2018) ...............................................................................................1

Cuadrado v. Zito,
    No. 13 Civ. 3321 (VB), 2014 U.S. Dist. LEXIS 57184,
    2014 WL 1508609 (S.D.N.Y. Mar. 21, 2014)..........................................................................4

Cuffee v. City of New York,
    No. 15 Civ. 8916 (PGG) (DF), 2018 U.S. Dist. LEXIS 34559,
    2018 WL 1136923 (S.D.N.Y. Mar. 1, 2018)............................................................................4

Davis & Assocs., Inc. v. Health Mgmt. Servs., Inc.,
    168 F. Supp. 2d 109 (S.D.N.Y. 2001).......................................................................................5

Dinkins v. Harris,
    No. 15 Civ. 8914 (GHW), 2016 U.S. Dist. LEXIS 85277
    (S.D.N.Y. June 29, 2016).........................................................................................................6

Drew v. City of New York,
    No. 18 Civ. 10714 (ER), 2019 U.S. Dist. LEXIS 132416,
    2019 WL 3714932 (S.D.N.Y. Aug. 6, 2019)............................................................................5

Duran v. J.C. Refinishing Contracting Corp.,
    421 F. App'x 20 (2d Cir. 2011) ................................................................................................5

HOP Energy, L.L.C. v. Local 553 Pension Fund,
    678 F.3d 158 (2d Cir. 2012).....................................................................................................6

Johnson v. City of New York, et al.,
    No. 21-CV-10535 (VSB), 2023 U.S. Dist. LEXIS 153903
    (S.D.N.Y. Aug. 23, 2023).........................................................................................................6

| **Cases** | **Pages** |
|---|---|

LeMay v. H.W. Keeney, Inc.,
   508 N.Y.S.2d 769 (4th Dep't 1986)......................................................................3, 7

Livingston v. Adirondack Beverage Co.,
   141 F.3d 434 (2d Cir. 1998).....................................................................................1

Lloyd v. City of N.Y.,
   No. 15 Civ. 8539 (RJS), 2017 U.S. Dist. LEXIS 77716,
   2017 WL 2266876 (S.D.N.Y. May 22, 2017) .........................................................2

Lurch v. Lorenzana,
   No. 16 Civ. 9343 (PGG), 2018 U.S. Dist. LEXIS 200522
   (S.D.N.Y. Aug. 30, 2018) ........................................................................................8

Mandavia v. Columbia Univ.,
   912 F. Supp. 2d 119 (S.D.N.Y. 2012).........................................................1, 3, 4, 5

Manuel v. City of Joliet,
   580 U.S. 357 (2017).................................................................................................3

Mason v. City of N.Y.,
   949 F. Supp. 1068 (S.D.N.Y. 1996).........................................................................3

Mateo v. Carinha,
   No. 14 Civ. 9020 (LTS), 2019 U.S. Dist. LEXIS 53089
   2019 WL 1409727 (S.D.N.Y. Mar. 28, 2019) ........................................................1

Metwally v. City of New York,
   No. 19-CV-8206, 2023 U.S. Dist. LEXIS 61229,
   2023 WL 2808215 (S.D.N.Y. Apr. 6, 2023)............................................................4

Nathaniel v. City of N.Y.,
   No. 16 CV 256, 2017 U.S. Dist. LEXIS 144200
   (E.D.N.Y. Sep. 6, 2017)...........................................................................................4

Olin Corp. v. Consol. Aluminum Corp.,
   5 F.3d 10 (2d Cir. 1993)...........................................................................................4

Pampillonia v. RJR Nabisco. Inc.,
   138 F.3d 459 (2d Cir. 1998).....................................................................................5

Sheridan v. McGraw-Hill Cos.,
   24 F. App'x 64 (2d Cir. 2001) .................................................................................1

**Cases**                                                                                                               **Pages**

Smith v. City of New York,
   No. 12 CV 4851 (ERK) (LB), 2014 U.S. Dist. LEXIS 166769,
   2014 WL 6783194 (E.D.N.Y. Dec. 2, 2017) ...............................................................................6

Swinson v. City of New York,
   No. 12 Civ. 6080 (VB), 2015 U.S. Dist. LEXIS 28425,
   2015 WL 873390 (S.D.N.Y. Feb. 11, 2015) ...............................................................................8

Syville v. City of New York,
   No. 20 Civ. 4633 (PGG) (JLC) 2022 U.S. Dist. LEXIS 88269,
   2022 WL 1549795 (S.D.N.Y. May 17, 2022) ...........................................................................4

Tromp v. City of N.Y.,
   465 F. App'x 50 (2d Cir. 2012) ..................................................................................................7

Whittington v. Woods,
   No. 13 Civ. 8535 (LTS) (RLE), 2016 U.S. Dist. LEXIS 24937,
   2016 WL 844830 (S.D.N.Y. Mar. 1, 2016) ...............................................................................8

**Statutes**

42 U.S.C. § 1983.............................................................................................................1, 2, 3, 4, 5

42 U.S.C. § 1988......................................................................................................................3

Fed. R. Civ. P. 56................................................................................................................ 8-9

# PRELIMINARY STATEMENT

Defendants respectfully submit this Supplemental Memorandum of Law in further support of their Motion to Dismiss converted to a Motion for Summary Judgment. (See ECF No. 121.) As detailed herein, Defendants' motion to dismiss this action should be granted because: (1) the Mandavia factors should not apply in this case as Mandavia applies to federal employment claims not § 1983 claims; (2) Plaintiff's education, literacy level, and his relationship and interactions with prior counsel should not be considered as to the validity of the General Release he signed. Accordingly, Defendants respectfully request that the Court grant their motion in its entirety.

# ARGUMENT

## POINT I

### THE TOTALITY OF CIRCUMSTANCES TEST DOES NOT APPLY AS THIS IS NOT A FEDERAL EMPLOYMENT CASE.

The totality of circumstances test should not apply in this case as it is not applicable in § 1983 actions. Mandavia v. Columbia Univ., 912 F. Supp. 2d 119, 129 (S.D.N.Y. 2012). The totality of circumstances test has been consistently applied in lawsuits which concern federal employment statutes such as the ADEA and Title VII. See Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437-38 (2d Cir. 1998); Sheridan v. McGraw-Hill Cos., 24 F. App'x 64 (2d Cir. 2001); see also Charley v. City of New York Dep't of Educ., 737 F. App'x 54 (2d Cir. 2018). In contrast, other Second Circuit courts find that the principle is not implicated when the plaintiff agrees to relinquish his ability to bring a suit under § 1983. See Mateo v. Carinha, No. 14 Civ. 9020 (LTS), 2019 U.S. Dist. LEXIS 53089, 2019 WL 1409727 at *12 n. 4 (S.D.N.Y. Mar. 28, 2019) ("For substantially similar reasons, the Court also finds unpersuasive Mateo's argument that the General Release is void because Mateo's waiver was not knowing and voluntary. While certain constitutional rights may not be waived unless the waiver is knowing and voluntary, as ample case

law demonstrates, this principle is not implicated when a plaintiff agrees to relinquish his ability to bring suit pursuant to 42 U.S.C. § 1983."); See Lloyd v. City of N.Y., No. 15 Civ. 8539 (RJS), 2017 U.S. Dist. LEXIS 77716, 2017 WL 2266876 at *6 (S.D.N.Y. May 22, 2017) (collecting cases).

The Second Circuit has only last month stated affirmed the dismissal of a case based on the same language, and held that they a proscribed from considering this type of extrinsic evidence. See Caraballo v. City of New York, 24-2051-cv 2025 U.S. App. LEXIS, 2025 WL 1430152 at *6 (2d Cir. May 19, 2025). In the underlying district court case of Caraballo, the *pro se* plaintiff sued the City of New York and three of NYPD detectives, under 42 U.S.C. § 1983 in the Eastern District of New York for claims arising out of a January 2019 arrest. Caraballo v. Surriga, No. 21-CV-285 (ARR) (VMS), 2024 U.S. Dist. LEXIS 136592, 2024 WL 3624609 at *4-5 (E.D.N.Y. Aug. 1, 2024). While discovery was being conducted, Caraballo filed a notice of claim against the City of New York in state small claims court. Id. The City and Caraballo settled the small claims case and during settlement Caraballo signed a general release. Id. The general release explicitly stated Caraballo "release[d] and forever discharge[d] the City of New York, and all past and present officers, directors, managers, administrators, employees, agents, assignees, lessees, and representatives of the City of New York . . . from any and all state and federal tort claims, causes of action, suits upon or by reason of any matter, cause, or thing whatsoever that occurred through the date of" the release." Id. The District Court dismissed the case as the language of the general release was unambiguous and could not consider evidence outside of the four corners of the document under New York law. Id.

The Second Circuit affirmed the District Court's reasoning, restating that courts are obliged to only consider *intrinsic* evidence of ambiguity. Caraballo, 2025 U.S. App. LEXIS, 2025 WL

2

1430152 at *6. The Second Circuit explicitly acknowledged that it is possible Caraballo may not have understood the general release to cover pending federal claims but New York law prevented them from considering such factors. Caraballo, 2025 U.S. App. LEXIS, 2025 WL 1430152 at *6 (citing LeMay v. H.W. Keeney, Inc., 508 N.Y.S.2d 769, 770 (4th Dep't 1986) ("Where, as here, the language of a release is clear, effect will be given to the intention of the parties as indicated by the language employed and the fact that one of the parties may have intended something else is irrelevant."). The Second Circuit exclusively relied on extensive case law that stated the general release should be analyzed under New York state law and followed that standard. Id. at *4. The types of factors the Court is considering in this case are factors that the Second Circuit has explicitly disallowed in its recent decision in Caraballo v. City of New York.

To apply the totality of circumstances test to cases dealing with § 1983 claims would ignore Second Circuit precedent and differences between federal employment statutes such as Title VII and § 1983. The federal employment and discrimination statutes provide individuals with specific rights which were created by Congress, whereas by enacting 42 U.S.C. 1983 Congress created federal common law as a method of protecting rights created by the U.S. Constitution. See 42 U.S.C. 1983. The federal employment statutes and the rights they create are clearly defined by Congress, as such, the Second Circuit had much more latitude to interpret releases waiving those rights than it does over waivers of rights provided by § 1983. See Manuel v. City of Joliet, 580 U.S. 357, 370 (2017) (Supreme Court holding that courts should "look first to the common law of torts" when "defining the contours and prerequisites of a § 1983 claim."). However, because Congress has taken no action to define the causes of action created by § 1983, federal courts must look to state law for guidance. See e.g., Mason v. City of N.Y., 949 F. Supp. 1068, 1079 (S.D.N.Y. 1996) ("Section 1988 authorizes courts to import state law to fill in gaps in the civil rights law").

3

As shown in its decision in Caraballo, the Second Circuit Court of Appeals has applied New York state law in its consideration of general releases. To apply the totality of circumstances test to an unrelated statute would ignore the distinction between the federal statutes and collapse the statutes under one umbrella.

As a general matter, "federal law governs the validity of releases of federal causes of action," but courts "look to state law to provide the content of federal law." Olin Corp. v. Consol. Aluminum Corp., 5 F.3d 10, 15 (2d Cir. 1993). Accordingly, courts in this Circuit have consistently looked to New York state law to determine whether a general release acts to bar § 1983 claims asserted by plaintiffs alleging violations of their constitutional rights. See, e.g., Metwally v. City of New York, No. 19-CV-8206, 2023 U.S. Dist. LEXIS 61229, 2023 WL 2808215, at *3 (S.D.N.Y. Apr. 6, 2023); Cuffee v. City of New York, No. 15-cv-8916 (PGG) (DF), 2018 U.S. Dist. LEXIS 34559, 2018 WL 1136923, at *6 (S.D.N.Y. Mar. 1, 2018); Arzu v. City of New York, No. 13-cv-5980 (RA), 2015 U.S. Dist. LEXIS 101770, 2015 WL 4635602, at *4 (S.D.N.Y. Aug. 3, 2015); Cuadrado v. Zito, No. 13 Civ. 3321 (VB), 2014 U.S. Dist. LEXIS 57184, 2014 WL 1508609, at *2 (S.D.N.Y. Mar. 21, 2014). As set forth in Defendants' previous moving papers, before the Court can consider any of the extrinsic evidence Plaintiff relies upon in his opposition and supplemental briefing, the court must answer the threshold question of whether the language of the General Release is clear and unambiguous. (Def. Mem. of Law at p. 9-10 ); See Syville v. City of New York, No. 20 Civ. 4633 (PGG) (JLC) 2022 U.S. Dist. LEXIS 88269, 2022 WL 1549795 at *6 (S.D.N.Y. May 17, 2022) report and recomm. adopted on October 8, 2022 ("Under New York law, a release that is clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced."); Nathaniel v. City of N.Y., 16 CV 256 (RRM) (RER), 2017 U.S. Dist. LEXIS 144200, at *3-4 (E.D.N.Y. Sep. 6, 2017) ("[W]hen a party disputes

the meaning of particular contract clauses, the initial question for the court is whether the contract is unambiguous."). Again, the Second Circuit has consistently found that the very language in this release is clear an unambiguous, and therefore declined to look beyond the four corners of the document. If the Court decides to apply the totality of circumstances test to this case, the Court would be breaking away from decades of consistent precedent applying New York state law to the terms of the general release for § 1983 claims.

Under the applicable standard, a reasonable jury would find that Plaintiff signed the General Release "knowingly and voluntarily" because he does not dispute the authenticity of the General Release or the conditions under which he signed it. Pampillonia v. RJR Nabisco. Inc., 138 F.3d 459, 463 (2d Cir. 1998); See Drew v. City of New York, 18 Civ. 10714 (ER), 2019 U.S. Dist. LEXIS 132416, 2019 WL 3714932, at *3 (S.D.N.Y. Aug. 6, 2019) ("Because [Plaintiff] did not challenge the authenticity of the release, his signature on the release, or conditions under which he signed the release, the Court concludes that no reasonable jury could find that [Plaintiff] did not sign the release discharging the City from any liability"). Plaintiff does not dispute that the release is the one he signed and that he signed it of his own free will. (See Terry Decl. at ¶¶ 4-5.) Plaintiff has given no indication that he was forced to sign the release or that any party deceived him. (Id.) "[A] release is binding on the parties absent a showing of fraud, duress, undue influence, or some other valid legal defense." Davis & Assocs., Inc. v. Health Mgmt. Servs., Inc., 168 F. Supp. 2d 109, 113 (S.D.N.Y. 2001); See also Duran v. J.C. Refinishing Contracting Corp., 421 F. App'x 20, 21 (2d Cir. 2011) (courts in New York can vacate a settlement in cases of fraud, collusion, mistake, or duress). Under the applicable standard of state law, Plaintiff has not shown a dispute that the General Release he signed was invalid and should not be enforced.

# POINT II

## THE FACTORS THE COURT OUTLINED ARE INAPPLICABLE TO DETERMINE THE VALIDITY OF THE RELEASE.

The emphasis the Court wishes to place on Plaintiff's literacy, education level, and interactions with counsel are misplaced. Under current Second Circuit law none of the factors are applicable to determining whether this General Release is valid.

**A.  Plaintiff's Subjective Understanding of the Release Should Not Control the Validity of the General Release.**

Plaintiff's subjective understanding of the General Release at the time of signing does not preclude the General Release from being enforceable. First, courts in the Second Circuit have consistently held, and the Second Circuit has affirmed, that civil rights claims may be dismissed when a plaintiff has released a defendant from liability even if the plaintiff represents that he was unaware of what he was signing. See Johnson v. City of New York, et al., No. 21 Civ. 10535 (VSB), 2023 U.S. Dist. LEXIS 153903, 2023 WL 5629232 at *11 (S.D.N.Y. Aug. 23, 2023) (dismissing a *pro se* plaintiff's claims due to the execution of a previously executed General Release); Dinkins v. Harris, No. 15 Civ. 8914 (GHW), 2016 U.S. Dist. LEXIS 85277, 2016 WL 3637169 at *7 (S.D.N.Y. June 29, 2016) (rejecting the plaintiff's argument that he did not understand the release to waive the underlying claims in that case because "the unambiguous language of the [release], rather than [plaintiff's] subjective understanding, controls"); HOP Energy, L.L.C. v. Local 553 Pension Fund, 678 F.3d 158, 162 (2d Cir. 2012) ("With unambiguous contracts, a party's subjective intent and understanding of the terms is irrelevant."). Plaintiff is not illiterate or suffers from a mental condition that prevents him from understanding the terms of the release. See Smith v. City of New York, 12 CV 4851 (ERK)(LB), 2014 U.S. Dist. LEXIS 166769, 2014 WL 6783194, at *5 (E.D.N.Y. Dec. 2, 2017) (finding that plaintiff raised issues of fact

regarding his "competence at the time he signed the [agreement]," in light of a report from the Department of Corrections stating that his reading comprehension was "equivalent to that of an eight-year-old" in addition to his established "history of chronic paranoid schizophrenia" and other mental illnesses). Plaintiff has only brought forward that his subjective understanding was different from the plain meaning of the release. The fact Plaintiff did not consider raising the lawsuit at the time of the signing does not negate the binding nature of the release. See Tromp v. City of N.Y., 465 F. App'x 50, 52 (2d Cir. 2012). Under Second Circuit law Plaintiff has not demonstrated enough that his supposed lack of education invalidates the plain meaning of the release.

     Second, as stated in Plaintiff's Declaration, despite his alleged lack of understanding, Plaintiff is experienced in suing the City of New York as this case is not Plaintiff's first time signing a General Release. Matthew Waller's Declaration states there was another release Plaintiff signed with the Comptroller that had his previous matter carved out. (Waller Decl. at ¶ 3). According to Plaintiff's own provided materials, Plaintiff was familiar with the process of signing a general release and carving out exceptions. (Id.) Regardless of whether the Plaintiff did not actually understand that the General Release would cover all his federal claims, the Second Circuit has held that "Where, as here, the language of a release is clear, effect will be given to the intention of the parties as indicated by the language employed and the fact that one of the parties may have intended something else is irrelevant." See Caraballo, 2025 U.S. App. LEXIS, at *6 (citing LeMay v. H.W. Keeney, Inc., 508 N.Y.S.2d 769, 770 (4th Dep't 1986) (affirming the District Court's decision to enforce a General Release that released all of Plaintiff's claims for the amount of $1,816.86)). That Plaintiff may not have intended to release the City from all his federal claims up until the date of the Release is immaterial to the unambiguous terms of the General Release. Plaintiff cannot blame the City for his admitted lack of carefully reading the language of the

release. (Terry Decl. at ¶ 14). As such, Plaintiff's prior experiences with the Comptroller indicate that he had knowledge of the process of settlement and the purpose of the General Release.

B.     **Plaintiff's Interactions with Counsel Implicate a Possible Malpractice Claim, Not A Reason to Invalidate the Release.**

Plaintiff's alleged interactions with counsel do not provide grounds to invalidate the General Release. Second Circuit courts have repeatedly noted a counsel's inability to explain the terms of the General Release to a party "raise[] at most a claim of legal malpractice, not a basis for avoidance of the General Release." See Lurch v. Lorenzana, No. 16 Civ. 9343 (PGG), 2018 U.S. Dist. LEXIS 200522, at *14 (S.D.N.Y. Aug. 30, 2018) (quoting Whittington v. Woods, No. 13 Civ. 8535 (LTS) (RLE), 2016 U.S. Dist. LEXIS 24937, 2016 WL 844830, at *2 (S.D.N.Y. Mar. 1, 2016) (plaintiff's argument that his attorney failed to sufficiently explain the consequences of the [G]eneral [R]elease to him did not support a claim for duress or fraud)). Moreover, even assuming that the prior lawyer had misrepresented the effect of the general release, Plaintiff's reliance on this alleged misrepresentations would not be reasonable in light of the unambiguous language of the release. See Swinson v. City of New York, No. 12 Civ. 6080 (VB), 2015 U.S. Dist. LEXIS 28425, 2015 WL 873390, at *3 (S.D.N.Y. Feb. 11, 2015) ("The General Release unambiguously states that plaintiff was releasing his claims against the City; the Release does not mention Asher & Associates, or their representation of plaintiff . . . . Thus, plaintiff's reliance on the alleged misrepresentations was unjustified."). Even taking Plaintiff's additional facts as true, at most Plaintiff has alleged a malpractice claim against his prior attorney, not a claim of fraud against the City of New York. Plaintiff's alleged interactions with prior counsel do not form a basis to invalidate the release and should be disregarded.

## CONCLUSION

For the foregoing reasons, Defendants City of New York and Officer Ryan respectfully request that the Court grant their motion to dismiss the Complaint in its entirety pursuant to Rule 12 or Rule 56, with prejudice, together with such costs, fees, and other and further relief as the Court deems just and proper.

Dated:      New York, New York
               June 26, 2025

                        MURIEL GOODE-TRUFANT
                        Corporation Counsel of the
                          City of New York
                        Attorney for Defendants *City of New York and Ryan*
                        100 Church Street
                        New York, New York 10007
                        (212) 356-2337

                        By:    */s/ Seamus O'Connor*
                                Seamus O'Connor
                                Assistant Corporation Counsel
                                *Special Federal Litigation Division*

Cc:     **BY ECF**
         Robert T. Perry
         509 12th Street
         Ste #2c
         11215
         Brooklyn, NY 11201
         212-219-9410
         Email: rtperry32@gmail.com