23 CV 5955 (NRM) (JRC)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CHRIS TERRY,

                                 Plaintiff,

-against-

THE CITY OF NEW YORK, FRANK RYAN, and JOHN AND JANE DOES 1-10,

                                 Defendants.

## DEFENDANTS CITY OF NEW YORK AND OFFICER RYAN'S REPLY MEMORANDUM OF LAW

***MURIEL GOODE-TRUFANT***
Corporation Counsel of the City of New York

*Attorney for Defendants City of New York and Ryan*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Seamus O'Connor*
*Tel: (212) 356-2337*
*Date of Service: July 24, 2025*
*Matter No. 2023-072337*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT

    POINT I

        THERE IS NO CASE LAW SUPPORTING PLAINTIFF'S ARGUMENT THAT THE TOTALITY OF THE CIRCUMSTANCES TEST SHOULD APPLY TO SECTION 1983 CASES...........................................1

    POINT II

        UNDER NEW YORK LAW PLAINTIFF'S ARGUMENTS THAT THE GENERAL RELEASE IS INVALID STILL FAIL.. ....................................................................4

        A. The "Special Rules" Regarding Releases Plaintiff Cites Apply When the Language of the General Release is Ambiguous or Unclear...........................................4

        B. Plaintiff's Literacy Level and Lack of Interactions With Counsel is Irrelevant As It Did Not Prevent Plaintiff From Understanding the Release.................................5

        C. The "Factual Innacuracy" Plaintiff Points Out Does Not Invalidate the General Release. ...............................................6

CONCLUSION................................................................................................................ 6

## TABLE OF AUTHORITIES

**Cases**                                                                                                         **Pages**

Aetna Cas. & Sur. Co. v. Aniero Concrete Co.,
   404 F.3d 566, 585 (2d Cir. 2005)..................................................................................5

Alacare, Inc.-North v. Baggiano,
   785 F.2d 963(11th Cir. 1986), cert. denied,
   479 U.S. 829 (1986)..........................................................................................................3

Ali v. City of N.Y.,
   No. 20-CV-30 (RRM) (ST), 2021 U.S. Dist. LEXIS 255741
   (E.D.N.Y. Sep. 29, 2021)...................................................................................................4

Brown v. General Services Administration,
   425 U.S. 820 (1976)..........................................................................................................4

Caraballo v. City of New York,
   24-2051-CV, 2025 U.S. App. LEXIS,
   2025 WL 1430152 (2d Cir. May 19, 2025) ...................................................................1, 2

Campos v. Aegis Realty Mgmt. Corp.,
   No. 19-CV-2856 (KPF), 2020 U.S. Dist. LEXIS 14138,
   2020 WL 433356 (S.D.N.Y. Jan. 28, 2020) .....................................................................4

Damico v. California,
   389 U.S. 416 (1967)..........................................................................................................3

EEOC v. Wyoming,
   460 U.S. 226 (1983)..........................................................................................................3

Electra v. 59 Murray Enterprises, Inc.,
   987 F.3d 233, 247 (2d Cir. 2021)......................................................................................4

Fernandez v. City of New York,
   502 F. App'x 48 (2d Cir. 2012).........................................................................................2

Hudson v. Palmer,
   468 U.S. 517 (1984)..........................................................................................................3

Liverpool v. City of New York,
   18-cv-1354 (LJL) 2021 U.S. Dist. LEXIS 152030,
   2021 WL 3604855 (S.D.N.Y.)..........................................................................................6

Mateo v. Carinha,
   No. 14 Civ. 9020 (LTS), 2019 U.S. Dist. LEXIS 53089
   2019 WL 1409727 (S.D.N.Y. Mar. 28, 2019)..................................................................2

Matusovsky v. Merrill Lynch,
   186 F. Supp. 2d 397 (S.D.N.Y. 2002)..................................................................6

McCann v. Couglin,
   698 F.2d 112 (2d. Cir. 1983).............................................................................2,3

Monroe v. Pape,
   365 U.S. 167 (1961)...............................................................................................3

Ragone v. Atlantic Video at Manhattan Center,
   595 F.3d 115 (2d Cir. 2010)..................................................................................5

Reach Music Publ'g, Inc. v. Warner/Chappell Music, Inc.,
   09 Civ. 5580 (KBF), 2014 U.S. Dist. LEXIS 159139,
   2014 WL 5861984 (S.D.N.Y. Nov. 10, 2014).......................................................5

Skluth v United Merchants & Mfrs.,
   163 A.D.2d 104 (1st Dep't 1990)....................................................................... 5-6

Touloumis v. Chalem,
   156 A.D.2d 230 (1st Dep't 1989)..........................................................................5

Tromp v. City of N.Y.,
   465 F. App'x 50 (2d Cir. 2012) ............................................................................2

United States v. Local 1804-1, Int'l Longshoremen's Ass'n,
   44 F.3d 1091 (2d Cir. 1995).................................................................................3

United States v. Twenty MILJAM-350 IED Jammers,
   669 F.3d 78 (2d Cir. 2011)...................................................................................6

Valdiviezo v. Greer,
   787 F. App'x 48 (2d Cir. 2019)............................................................................2

Walker v. Corizon,
   764 F. App'x 78 (2d Cir. 2019)............................................................................2

**Statutes**

42 U.S.C. § 1983...............................................................................................1, 2, 3, 4, 5

ADEA ...........................................................................................................................5

Title VII .......................................................................................................................5

N.Y. Gen. Oblig. L. § 15-303 .......................................................................................6

Fed. R. Civ. P. 56.................................................................................................... 8-9

# PRELIMINARY STATEMENT

Defendants respectfully submit this Reply Memorandum of Law in further support of their Motion to Dismiss converted to a Motion for Summary Judgment. (See ECF No. 121.) As detailed herein, Defendants' motion to dismiss this action should be granted because: (1) Plaintiff has not sufficiently compared federal employment claims to § 1983 claims that the multifactor test should be used; (2) Under New York law and Second Circuit precedent, the General Release Plaintiff signed is still valid. Accordingly, Defendants respectfully request that the Court grant their motion in its entirety.

# ARGUMENT

## POINT I

### THERE IS NO CASE LAW SUPPORTING PLAINTIFF'S ARGUMENT THAT THE TOTALITY OF THE CIRCUMSTANCES TEST SHOULD APPLY TO SECTION 1983 CASES.

Plaintiff's argument that the totality of the circumstances test should apply to Section 1983 lawsuits is no more than a policy argument devoid of legal support. In fact, the legal support that does exist demonstrates that the Second Circuit does not look beyond the four corners of the release to determine whether it is valid. There is no support for Plaintiff's argument that the Court should ignore precedent and create a new standard in these cases.

The Second Circuit has repeatedly made clear that Courts need not look beyond the four corners of the release in determining its validity, and therefore has never needed to explicitly state that the proposed test is unnecessary. Most recently, in Caraballo v. City of New York, the Circuit explicitly stated that New York law "proscribes such considerations" such as the fact that plaintiff "might not have actually understood [the release] to cover his pending federal claims." Caraballo v. City of New York, 24-CV-2051, 2025 U.S. App. LEXIS, 2025 WL 1430152 at *4 (2d. Cir. May

1

19, 2025) . However, this is not the only occasion in which the Circuit has had the opportunity to interpret "virtually identical language in general releases crafted by the City of New York." Id. at * 4-5 "Each time, [the Circuit has] summarily affirmed the grant of a dispositive motion." Id.  At no point in time in any of those cases did the Court consider extrinsic evidence of the type suggested here.  For example, in Mateo v. Carinha, the plaintiff argued that the Court should consider, among other things, the fact that the City attorney did not know of the second released claim at the time the General Release was executed. Mateo v. Carinha, 14 Civ. 9020 (LTS), 2019 U.S. Dist. LEXIS 53089, 2019 WL 1409727 at *12 n.4 (S.D.N.Y. Mar. 28, 2019). As in Caraballo, the Mateo Court held that when the General Release is clear on its face, courts should generally interpret the contract without reference to extrinsic evidence. Id.; See also Valdiviezo v. Greer, 787 F. App'x 48 (2d Cir. 2019); Walker v. Corizon, 764 F. App'x 78 (2d Cir. 2019); Fernandez v. City of New York, 502 F. App'x 48 (2d Cir. 2012); Tromp v. City of New York, 465 F. App'x 50 (2d Cir. 2012)). Additionally, Plaintiff's complaint that the Court in Mateo did not expand on their reasoning does not change the fact the Mateo Court considered the multi factor test when analyzing the General Release in a 1983 action and declined to do so. Pl. Opp. At 11; Mateo, 2019 U.S. Dist. LEXIS 53089, 2019 WL 1409727 at *12 n.4. The Circuit has not stated explicitly that the totality of circumstances test is improper in these cases because it is implicit in each of these decisions.

Despite this, Plaintiff attempts to argue that the Court should now adopt this test claiming that § 1983 and the federal employment statutes share similar purposes.  Plaintiff cites McCann v. Coughlin to demonstrate § 1983 and the various federal employment statutes have similar purposes. Pl. Opp. at 10. Plaintiff's argument ignores the crucial fact that McCann v. Couglin centered on the question of whether a plaintiff was entitled to attorney's fees even if the plaintiff only recovered nominal damages. McCann v. Couglin, 698 F.2d 112, 127-128 (2d. Cir. 1983).

2

The McCann Court determined that an award of attorney's fees even in nominal damages did not interfere with § 1983's purpose of encouraging private citizens from bringing lawsuits against the states. Id. The question of this case centers on the possible waiver of constitutional claims, a separate question entirely. Plaintiff's comparison to McCann is entirely inapposite and should be disregarded by the Court.

Similarly, Plaintiff's citation to United States v. Local 1804-1, Int'l Longshoremen's Ass'n to support the suggestion waivers of constitutional rights in civil contexts must be knowing and voluntary similarly mischaracterizes the record. Pl. Opp. At 11. In United States v. Local 1804-1, Int'l Longshoremen's Ass'n, the Court only noted that Plaintiff did not contest that the consent decree was knowing and voluntary and did not analyze that specific legal argument. United States v. Local 1804-1, Int'l Longshoremen's Ass'n, 44 F.3d 1091, 1098 n. 4 (2d Cir. 1995).

Plaintiff ignores the distinct purposes for which § 1983 and federal employment statutes were created. Plaintiff does not acknowledge one of the purposes underlying § 1983, by giving a federal right of action for deprivation of any right, privilege, or immunity secured by Federal Constitution, is to provide a remedy in federal courts *supplementary to any remedy any state might have*. Damico v. California, 389 U.S. 416, 422 (1967). When Congress adopted § 1983 it was to provide an alternate, supplemental avenue for relief to people who almost always have an additional available remedy at state law. Alacare, Inc.-North v. Baggiano, 785 F.2d 963, 966 (11th Cir. 1986), cert. denied, 479 U.S. 829, (1986). (citing Monroe v. Pape, 365 U.S. 167, 183, (1961); Hudson v. Palmer, 468 U.S. 517 (1984) (Stevens, J. concurring and dissenting)) In contrast, federal employment statutes such as the ADEA and Title VII were enacted to allow for a private cause of action for damages against a state to address the issue of employment discrimination. See EEOC v. Wyoming, 460 U.S. 226, 231-33 (1983) (stating the ADEA was enacted to allow for a private

3

cause of action for damages against a state); Brown v. General Services Administration, 425 U.S. 820, 829 (1976) (Title VII was intended as the "exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination."). The purpose of the respective statutes is distinct and conflating both statutes under this totality of circumstances test disregards that fact.

## POINT II

### UNDER NEW YORK LAW PLAINTIFF'S ARGUMENTS THAT THE GENERAL RELEASE IS INVALID STILL FAIL.

Plaintiff alleges different theories under New York law about why the General Release should only apply to Plaintiff's slip and fall. For the reasons below, they all fail.

**A.   The "Special Rules" Regarding Releases Plaintiff Cites Apply When the Language of the General Release is Ambiguous or Unclear.**

Plaintiff's insistence that the New York "special rules" regarding releases should be followed in this case is misplaced. To be sure, "the New York Court of Appeals has held that interpretation of a general release is ... subject to 'special rules.'" Campos v. Aegis Realty Mgmt. Corp., No. 19-CV-2856 (KPF), 2020 U.S. Dist. LEXIS 14138, 2020 WL 433356, at *9 (S.D.N.Y. Jan. 28, 2020). However, these special rules have been applied in cases where the language of the General Release is ambiguous or unclear. See Ali v. City of N.Y., No. 20-CV-30 (RRM) (ST), 2021 U.S. Dist. LEXIS 255741 at *14-16 (E.D.N.Y. Sep. 29, 2021). Plaintiff is attempting to use the Cahill case to avoid showing any evidence that the language itself is invalid. Pl. Opp. At 23-24; See Ali, 2021 U.S. Dist. LEXIS 255741 At *16-17 ("Nothing in Cahill, Mangini, or any other New York Court of Appeals case relating to the "special rules" can be read as imposing a burden on a releasee to prove the parties' intent. Indeed, in stating that "the effect of a general release, in

4

the absence of fraud or mutual mistake, cannot be limited or curtailed," Cahill implies that the burden is on the party seeing recission or reformation of release to prove fraud or mutual mistake.") In this case, Plaintiff does not allege duress, illegality, fraud, or mutual mistake. Instead, he specifically alleges unilateral mistake. Pl. Opp. at 23. "[U]nilateral mistake is generally not an impediment to the formation of a contract, [but] it may in some circumstances allow the party that made the mistake to avoid the contract." Electra v. 59 Murray Enterprises, Inc., 987 F.3d 233, 247 (2d Cir. 2021). However, "a party's unilateral mistake will not provide a basis for rescission unless it is accompanied by some fraud committed by the other contracting party." Aetna Cas. & Sur. Co. v. Aniero Concrete Co., 404 F.3d 566, 585 (2d Cir. 2005). Plaintiff has not alleged any type of fraud that Defendants perpetuated by signing the release and thus his argument fails.

**B.    Plaintiff's Literacy Level and Lack of Interactions With Counsel is Irrelevant As It Did Not Prevent Plaintiff From Understanding the Release.**

Plaintiff's procedural unconscionability arguments are not grounded in law. Plaintiff admits in his Opposition that he is not illiterate or that Plaintiff suffers from a mental condition that prevents him from understanding the terms of the release. Pl Opp. at 24. Additionally, Second Circuit has rejected procedural unconscionability claims based on a plaintiff not receiving higher education. Ragone v. Atlantic Video at Manhattan Center, 595 F.3d 115, 122 (2d Cir. 2010). Plaintiff's failure to understand the agreement he signed is not a defense to the General Release. New York law has long provided that "one cannot generally avoid the effect of a release upon the ground that he or she did not read it or know its contents." Reach Music Publ'g, Inc. v. Warner/Chappell Music, Inc., 09 Civ. 5580 (KBF), 2014 U.S. Dist. LEXIS 159139, 2014 WL 5861984 at *23 (S.D.N.Y. Nov. 10, 2014) (citing Touloumis v. Chalem, 156 A.D.2d 230, 232 (1st Dep't 1989)). Similarly, there is "no requirement in the law that consultation with a lawyer must occur in order to render a contractual obligation enforceable." Id. (Citing Skluth v United

5

Merchants & Mfrs., 163 A.D.2d 104, 107 (1st Dep't 1990)). Plaintiff's attempt to portray the General Release as procedurally unconscionable fall flat and the Court should not consider these arguments.

**C.    The "Factual Inaccuracy" Plaintiff Points Out Does Not Invalidate the General Release.**

Plaintiff further claims that it is "also relevant . . . that the recitals in the 'General Release' are clearly wrong in at least one critical respect" because the General Release states that payment has already been received, when in fact payment was made after Plaintiff had already signed the General Release. Pl. Opp. at 26. While Plaintiff notes this seeming incongruity, he does not go so far as to claim that the apparent discrepancy negates the entire contract. Id. Nor could he, because "consideration is not required for a release to be enforceable under New York law." Liverpool v. City of New York, 18 Civ. 1354 (LJL) 2021 U.S. Dist. LEXIS 152030, 2021 WL 3604855 at *7 n.1 (S.D.N.Y.) (citing Matusovsky v. Merrill Lynch, 186 F. Supp. 2d 397, 401 (S.D.N.Y. 2002) and N.Y. Gen. Oblig. L. § 15-303); see also United States v. Twenty MILJAM-350 IED Jammers, 669 F.3d 78, 88 (2d Cir. 2011) (same). In any event, Plaintiff does not claim that he never received the $3,500 consideration referenced in the General Release. Therefore, Plaintiff's contention that the General Release was inaccurate in regards to payment does not affect its validity.

## CONCLUSION

For the foregoing reasons, Defendants City of New York and Officer Ryan respectfully request that the Court grant their motion to dismiss the Complaint in its entirety pursuant to Rule 12(b)(6) or Rule 56, with prejudice, together with such costs, fees, and other and further relief as the Court deems just and proper.

Dated:      New York, New York
            July 24, 2025

6

                    MURIEL GOODE-TRUFANT
                    Corporation Counsel of the
                      City of New York
                    Attorney for Defendants *City and Ryans*
                    100 Church Street
                    New York, New York 10007
                    (212) 356-2337

By:  */s/ Seamus O'Connor*
      Seamus O'Connor
      Assistant Corporation Counsel
      *Special Federal Litigation Division*

Cc: **BY ECF**
     Robert T. Perry
     509 12th Street
     Ste #2c
     11215
     Brooklyn, NY 11201
     212-219-9410
     Email: rtperry32@gmail.com